| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF STARK | SOUTHWEST JUDICIAL DISTRICT |

Pearl Reiss, individually and as  )    Civil No. _____
surviving spouse of  )
Henry Reiss, deceased,  )
                              )
       Plaintiff,     )
                              )
v.                           )   **SUMMONS**
                              )
Komatsu America Corp. and  )
Diesel Machinery, Inc.,  )
                              )
      Defendants.  )

THE STATE OF NORTH DAKOTA TO THE ABOVE-NAMED DEFENDANTS, KOMATSU AMERICA CORP. AND DIESEL MACHINERY, INC.:

    You are hereby summoned and required to appear and defend against the Complaint in this action, by serving upon the undersigned an Answer or other proper response within twenty (20) days after the service of this Summons upon you, exclusive of the day of service. If this Summons is personally served on you, a copy of the Complaint is attached and is herewith served on you. If this Summons is served on you by publication, the Complaint has been filed with the Clerk of Court. If you fail to answer, judgment by default will be taken against you for the relief demanded in the Complaint.



EXHIBIT A

Dated this 28th day of August, 2008.

                BUCKLIN, KLEMIN, McBRIDE
                & SCHWEIGERT, P.C.
                400 East Broadway Avenue, Suite 500
                P.O. Box 955
                Bismarck, ND 58502-0955
                (701) 258-8988
                Fax (701) 258-8486
                Attorneys for Plaintiffs

By: _____
                David D. Schweigert
                ND State Bar ID# 05123

                Ariston E. Johnson
                ND State Bar ID# 06366

prod\3461-001\summons

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF STARK | SOUTHWEST JUDICIAL DISTRICT |

Pearl Reiss, individually and as ) Civil No. _____
surviving spouse of )
Henry Reiss, deceased, )
          Plaintiff, )
)
v. ) **COMPLAINT AND**
) **DEMAND FOR JURY TRIAL**
Komatsu America Corp. and )
Diesel Machinery, Inc., )
)
          Defendants. )

COMES NOW the Plaintiff, Pearl Reiss, and alleges and shows to the Court as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Pearl Reiss [hereinafter "Pearl"] is and was at all times mentioned herein a resident of Morton County, North Dakota.

2. Plaintiff's decedent, Henry Reiss [hereinafter "Henry"], was at all times mentioned herein a resident of Morton County, North Dakota.

3. Pearl is Henry's surviving wife.

4. On September 26, 2006, Henry was employed by Mariner Construction.

5. On September 26, 2006, Henry's employment with Mariner Construction required him to perform road construction work near Richardton, North Dakota.

6. Henry operated a Dresser Galion model P-3000 rubber-tired roller compactor [hereinafter "P-3000"] as part of his road construction work for Mariner Construction.

7. The P-3000 was manufactured and/or sold by Komatsu America Corp., a

1

Georgia Corporation or its predecessor in interest [hereinafter sometimes referred to as "Komatsu"].

8. The P-3000 was sold to Mariner Construction by Diesel Machinery, Inc., a South Dakota corporation [hereinafter sometimes referred to as "Diesel Machinery"], on or about December 31, 1990.

9. While Henry was operating the P-3000 on September 26, 2006, on the shoulder of the roadway being constructed, it rolled to the right onto its right side, then onto its top, and then onto its left side, coming to rest on its left side.

10. Henry was crushed by the P-3000 while it was rolling over.

11. Henry sustained injuries as a result of the P-3000 crushing him.

12. On September 26, 2006, Henry died as a direct and proximate result of the injuries he sustained as a result of the P-3000 crushing him.

## COUNT I: STRICT PRODUCTS LIABILITY

13. The Plaintiff re-alleges paragraphs 1 through 12 above as if herein set forth in full.

14. The P-3000 was manufactured without a roll bar, roll cage, or other roll-over protection system.

15. Rubber-tired roller compactors such as the P-3000 without a roll bar, roll cage, or other roll-over protection system are unreasonably dangerous to the user.

16. The risk inherent in rubber-tired roller compactors without a roll-over protection system substantially exceeds the cost of manufacturing such roller compactors with a roll-over protection system.

17. Manufacturing rubber-tired roller compactors with a roll-over protection

2

system would eliminate the unreasonable danger to the user that exists in roller compactors without such a system.

18. The defect caused by the P-3000 being manufactured without a roll-over protection system was the direct and proximate cause of Henry's fatal injuries.

19. Because the Defendants manufactured and/or sold the P-3000 with such a defect, they are strictly liable for the injuries that Henry suffered as a result of the defect and for his death resulting from those injuries.

## COUNT II: FAILURE TO WARN
## AT TIME OF MANUFACTURE

20. The Plaintiff re-alleges paragraphs 1 through 19 above as if herein set forth in full.

21. The Defendants had a duty to warn purchasers, users, or potential users of the P-3000 about the dangers of operating it without a roll-over protection system.

22. The Defendants failed to warn purchasers, users, or potential users of the P-3000 at the time of manufacture about such dangers.

23. As a direct and proximate result of the Defendants' failure to warn purchasers, users, or potential users of the P-3000 of such dangers, Henry suffered fatal injuries.

24. Because the Defendants breached their duty to warn of such dangers, they are liable for Henry's injuries and death.

## COUNT III: FAILURE TO WARN
## AT TIME OF DISCOVERY OF DANGER

25. The Plaintiff re-alleges paragraphs 1 through 24 above as if herein set forth

3

in full.

26. On or before September 26, 2006, the Defendants discovered the dangers of operating the P-3000 without a roll-over protection system.

27. The Defendants had a duty to warn owners or users of the P-3000 of such dangers at the time they were discovered.

28. The Defendants failed to warn owners or users of the P-3000 of such dangers at the time they were discovered.

29. As a direct and proximate result of the Defendants' failure to warn owners or users of the P-3000 of such dangers, Henry suffered fatal injuries.

30. Because the Defendants breached their duty to warn of such dangers, they are liable for Henry's injuries and death.

## COUNT IV: NEGLIGENCE

31. The Plaintiff re-alleges paragraphs 1 through 30 above as if herein set forth in full.

32. The Defendants had a duty to design or manufacture the P-3000 to be free of the dangers of operating it without a roll-over protection system.

33. The Defendants designed and/or manufactured the P-3000 without a roll-over protection system or other protection from such dangers.

34. As a direct and proximate result of the Defendants' failure to design or manufacture the P-3000 without a roll-over protection system or other protection from such dangers, Henry suffered fatal injuries.

35. Because the Defendants breached their duty to design or manufacture the P-3000 with a roll-over protection system or other protection from such dangers, they are

4

liable for Henry's injuries and death.

## COUNT V: BREACH OF WARRANTY
## OF MERCHANTABILITY

36. The Plaintiff re-alleges paragraphs 1 through 35 above as if herein set forth in full.

37. The Defendants are each merchants with respect to rubber-tired roller compactors.

38. Rubber-tired roller compactors such as the P-3000 are ordinarily used for the purpose of compacting the shoulder of roadways under construction.

39. To be fit for the purpose of compacting roadway shoulders, a rubber-tired roller compactor must have some form of roll-over protection system.

40. The P-3000 did not have any form of roll-over protection system.

41. As a direct and proximate result of the P-3000 not being fit for the purpose of compacting roadway shoulders, Henry suffered fatal injuries.

42. Because the Defendants manufactured and/or sold the P-3000 unfit for its ordinary purpose, they are liable for Henry's injuries and death.

## COUNT VI: BREACH OF WARRANTY
## OF FITNESS FOR PARTICULAR PURPOSE

43. The Plaintiff re-alleges paragraphs 1 through 37 and paragraphs 39 through 41 above as if herein set forth in full.

44. When the Defendants manufactured and/or sold the P-3000, they were aware or had reason to be aware that the P-3000 was to be used for compacting roadway shoulders.

45. The Defendants failed to select or furnish suitable equipment for compacting roadway shoulders, selling instead the P-3000.

46. Because the Defendants manufactured and sold the P-3000 unfit for the particular purpose of compacting roadway shoulders, they are liable for Henry's injuries and death.

## DAMAGES

47. As a direct and proximate result of the facts alleged in paragraphs 1 through 46 above, Pearl has suffered damages as follows:

    (a) For the wrongful death of her husband, Henry Reiss, including but not limited to economic damages for medical expenses, funeral costs, burial costs, and lost earnings and non-economic damages for pain, suffering, mental anguish, emotional distress, fear of injury, loss of society and companionship, and loss of consortium, in a reasonable sum but not less than $50,000.00;

    (b) For her grief, mental anguish, and emotional distress by reason of the loss of her husband;

    (c) For loss of marital consortium by reason of the loss of her husband; and

    (d) For the non-economic damages Henry suffered prior to his death, including but not limited to mental anguish and fear of injury, in a reasonable sum but not less than $50,000.00, and for which Henry's cause of action survives his death and Pearl is entitled, as his surviving spouse, to pursue.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff requests that this Court award her damages, in a

reasonable amount but not less than $50,000.00, including but not limited to:

   1. Damages for the wrongful death of Henry Reiss;

   2. Damages for her grief, mental anguish, and emotional distress;

   3. Pearl's loss of consortium of her husband Henry;

   4. Funeral expenses;

   5. Loss of income that Henry would have earned had he not died on September 26, 2006;

   6. Compensation for Henry's injuries;

   7. Compensation for Henry's pain and suffering;

   8. Attorney's fees and costs;

   9. Interest due from September 26, 2006; and

   10. Such other relief as this Court deems just.

Dated this 28th day of August, 2008.

                      BUCKLIN, KLEMIN, McBRIDE
                      & SCHWEIGERT, P.C.
                      400 East Broadway Avenue, Suite 500
                      P.O. Box 955
                      Bismarck, ND 58502-0955
                      (701) 258-8988
                      Fax (701) 258-8486
                      Attorneys for Plaintiffs

By: _____
                      David D. Schweigert
                      ND State Bar ID# 05123

                      Ariston E. Johnson
                      ND State Bar ID# 06366

## DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a trial by nine jurors on all issues triable by jury.

Dated this ___ day of August, 2008.

                    BUCKLIN, KLEMIN, McBRIDE
                    & SCHWEIGERT, P.C.
                    400 East Broadway Avenue, Suite 500
                    P.O. Box 955
                    Bismarck, ND 58502-0955
                    (701) 258-8988
                    Fax (701) 258-8486
                    Attorneys for Plaintiffs

By: _____
      David D. Schweigert
      ND State Bar ID# 05123

      Ariston E. Johnson
      ND State Bar ID# 06366

prod\3461-001\complaint

8